**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEN BROWN, *a minor in his own right and by and through his parents and natural guardians, Dolores Brown and David Brown*, DOLORES BROWN, and DAVID BROWN,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>JOHN FARRELL, WILKES-BARRE VOCATION TECHNICAL SCHOOL, and WILKES-BARRE AREA SCHOOL DISTRICT,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:05-CV-0421<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Defendants, *improperly captioned as* John Farrell, Wilkes-Barre Vocational Technical School and Wilkes-Barre Area School District's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted to the Complaint of Plaintiff, Allan Brown, a Minor in His Own Right and by and through His Parents and Natural Guardians, Dolores Brown and David Brown, and Dolores Brown and David Brown, Individually (Doc. 5) ("Defendants' Motion to Dismiss").  For the reasons set forth below, I will deny Defendants' motion.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**BACKGROUND**

According to the facts as alleged in Plaintiffs' Complaint, this case arises out of injuries sustained by Allan Brown (hereinafter Plaintiff) on May 13, 2004, while he

attended the diesel and heavy equipment mechanics program ("Program").  (Doc. 1 ¶ 6.)

Plaintiff, at the relevant time, was a student in the Greater Nanticoke Area School District and attended the Program at the premises of Wilkes-Barre Vocational Technical School.  (Doc. 1 ¶ 6.)  The Program was instructed by John Farrell.  (Doc. 1 ¶ 9.)

The work area for the Program did not include any cages or safety barriers affixed to the floor or walls to provide for the safety of students who were inflating tires as part of their course work.  (Doc. 1 ¶ 8.)  At the time of the accident, John Farrell was changing and inflating a tire with Plaintiff's assistance, when the tire suddenly broke and struck Plaintiff.  (Doc. 1 ¶¶ 10, 11.)  Plaintiff was knocked to the ground and suffered a broken jaw, shattered nose, fractures of the cheekbones, fractures of the eye sockets, swelling of the face and head, broken teeth, a neck injury, and bruising of the forearms and shins. (Doc. 1 ¶¶ 11, 16.)  Plaintiff was then life flighted to the emergency room where he received emergency medical care.  (Doc. 1 ¶ 20.)

On February 28, 2005, Plaintiffs filed a Complaint in this Court raising claims of negligence, violations of 42 U.S.C. § 1983 in the manner of a state created danger, and violations of 42 U.S.C. § 1983 by the Defendants through a policy, practice or custom. (Doc. 1.)  On March 23, 2005, Defendants filed the present Motion to Dismiss.  (Doc. 5.) This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be

granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

    **a.**    **Negligence**

Defendants assert they are immune from Plaintiffs' state law negligence claim

3

under the Political Subdivision Tort Claims Act (PSTCA), 42 PA. CONS. STAT. ANN. §§ 8541, *et seq.* (2004).  The PSTCA provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person".  42 PA. CONS. STAT. ANN. § 8541.  A local agency includes any government unit other than the Commonwealth.  42 PA. CONS. STAT. ANN. § 8501.

Immunity under the PSTCA, however, is subject to two limitations.  First, the PSTCA provides eight exceptions to the immunity.  42 PA. CONS. STAT. ANN. § 8542.  Second, individual employees are not immune from liability when their conduct amounts to actual fraud, crime, actual malice or willful misconduct.  42 PA. CONS. STAT. ANN. § 8550.  The eight exceptions under the PSTCA are: (1) Vehicle liability; (2) Care, custody or control of personal property; (3) Real property; (4) Trees, traffic controls and street lighting; (5) Utility service facilities; (6) Streets; (7) Sidewalks; and (8) Care, custody or control of animals.  42 PA. CONS. STAT. ANN. § 8542.

Plaintiffs allege that their negligence claim fails within the real property exception to immunity under the PSTCA.[1]  Defendants assert that Plaintiffs claim does not fall

---

[1] The exception states:

> (b) ACTS WHICH MAY IMPOSE LIABILITY.-- The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> (3) *Real property*.--The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.  As used in this paragraph, "real property" shall

4

within the exception because they have failed to allege a defect in the realty. I disagree with Defendants. Plaintiffs' allege, for example, that the Defendants were negligent in "failing to ensure that the work area contained proper safety barriers, cages, or other fixtures attached to the floor and/or walls"; in "failing to keep the said premises in a safe condition for persons lawfully using same"; and in "negligently designing the work area." (Doc. 1 ¶ 11.) Such assertions relate to alleged defects in the care, custody or control of the property at issue, and may fall within the real property exception to immunity under the PSTCA. Therefore, Plaintiffs are entitled to offer evidence in support of their claim. As such, Defendants' Motion to Dismiss will be denied with regard to this claim.

### b. Civil Rights - State Created Danger

A state actor can be liable under section 1983 for a state-created danger. *Kneipp v. Tedder*, 95 F.3d 1199, 1211 (3d Cir. 1996). Under the state-created danger theory of liability, Plaintiff must prove:

> (1) the harm caused was foreseeable and fairly directly related to defendant's actions;
>
> (2) the state actor acted in wilful disregard for the safety of the plaintiff;

---

not include:
  (I) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
  (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
  (iii) streets; or
  (iv) sidewalks.

42 PA. CONS. STAT. ANN. § 8542(b)(3).

>> (3)  some relationship existed between the plaintiff and the state; and
>
>> (4)  the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur.

*Id*. at 1208.  Defendants argue that Plaintiffs have failed to allege that: (1) the harm was foreseeable and fairly direct; (2) Defendants' actions "shock the conscience"; and (3) Defendants created a harm, increased a harm or made Plaintiff more vulnerable.  For the following reasons, I disagree.

### i.  Foreseeable

Plaintiffs' have alleged injuries that were foreseeable and fairly direct.  As Plaintiffs note, Defendants were or should have been aware that the activities of tire inflation in the Program were inherently dangerous and that Plaintiff was a member of the Program.  Therefore, as Plaintiffs assert, it was foreseeable that Allen Brown would be vulnerable to his injuries through Defendants alleged failure to take reasonable measures to reduce the risk, to provide safety equipment, to warn of known dangers, and to properly supervise.

### ii.  Standard

Defendants argue that the Court should apply a "shocks the conscience" standard in the present case and that Plaintiff has failed to allege that Defendants acted in an arbitrary or capricious manner.  Plaintiffs argue that the appropriate standard is "deliberate indifference."

At the time of the decision in *Kneipp*, "[t]hose courts which [had]. . .recognized the state-created danger theory [had]. . .employed a deliberate indifference standard."

*Kneipp*, 95 F.3d at 1208.  "Although *Kneipp* remains good law today, recent cases have refined this second element in the four-part test." *Rivas v. City of Passaic,* 365 F.3d 181, 195 (3d Cir. 2004).  Particularly, the Supreme Court has held that in the context of a high-speed police chase, where an officer must act "in haste, under pressure, and frequently without the luxury of a second chance," a Section 1983 plaintiff must demonstrate that the police officers' conduct "shocked the conscience" in order to establish a constitutional violation.  *County of Sacramento v. Lewis*, 523 U.S. 833, 853 (1998).  Further, in *Brown v. Commonwealth of Pennsylvania Department of Health Emergency Medical Services Training Institute*, 318 F.3d 473 (3d Cir. 2003), the Third Circuit Court of Appeals announced that "the 'shocks the conscience' standard should apply in all substantive due process cases if the state actor had to act with some urgency." *Id.* at 480.

In the present case, Plaintiffs note that Defendants were not faced with a situation in which they had to act with any urgency.  Rather, Plaintiffs contend only that Defendants failed to take reasonably available measures to reduce the risk to students in the Program, failed to provide safety equipment, permitted unsafe procedures, failed to warn of known dangers, and failed to properly supervise.  Therefore, this case involves "[a] school environment [which] is much more akin to that of a prison, where, students, like inmates, engage in activities in a controlled environment under constant supervision by teachers and staff." *Hillard v. Lampeter-Strasburg Sch. Dist.*, No. 03-2198, 2004 U.S. Dist. LEXIS 8957, at *13 (E.D. Pa. May 14, 2004).  Because Defendants had the luxury of proceeding in a deliberate fashion, the appropriate standard is one of deliberate indifference.

"Deliberate indifference may be established by showing '(1) an unusually serious risk of harm. . .(2) defendant's actual knowledge of (or at least willful blindness to) that elevated risk, and (3) defendant's failure to take steps to address that known, serious risk.'" *Id.,* at *14 (quoting *Sciotto v. Marple Newtown Sch. Dist.*, 81 F. Supp. 2d 559 (E.D. Pa. 1999)).  Plaintiffs have alleged facts that if true would demonstrate that Defendants acted with deliberate indifference.  Therefore, Plaintiffs are entitled to offer evidence in this regard.

### iii.     Danger

In *Morse v. Lower Marion School District*, the Court of Appeals for the Third Circuit clarified that the fourth prong of the *Kniepp* analysis does not require an affirmative act on the part of the state actor, but it does require that the state "in some way placed the plaintiff in a dangerous position that was foreseeable."  132 F.3d at 915.  In its analysis, the court explained that a school would be liable only when it "placed the plaintiffs in danger, increased their risk of harm, or made them more vulnerable to danger."  *Id.* (citing *D.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1375 (3d Cir. 1992)).

Defendants assert that Plaintiffs have failed to allege that Defendants' actions created a harm, increased a harm, or made Plaintiff more vulnerable.  I disagree.  Plaintiffs allege that Defendants failed to providing proper safety devices in the Program's classroom, failed to take reasonably available measures to reduce the risk to students in the Program, permitted unsafe procedures, failed to warn of known dangers, and failed to properly supervise.  If true, these actions would have placed Plaintiff in danger, increased

his risk of harm, and made him more vulnerable to danger. Therefore, Plaintiff is entitled to offer evidence in support of his claim and Defendants' motion will be denied with regard to this claim.

### c. Civil Rights - Policy, Practice or Custom

"[A] school board can be held responsible for a constitutional violation . . . only if the violation occurred as a result of the policy, custom, or practice established by the board." *C.H. ex rel. Z.H. v. Oliva,* 226 F.3d 198, 202 (3d Cir. 2000). A plaintiff can maintain a cause of action under section 1983 if he alleges "that defendants, with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused [him] constitutional harm." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989).

Defendants argue that Plaintiffs have failed to state a claim that Allen Brown was caused constitutional harm because the "state created danger" claim must be dismissed. As discussed above, Plaintiffs are entitled to offer evidence on the "state created danger" claim and, therefore, are also entitled to offer evidence on the present claim. Defendants motion will be denied with respect to Plaintiffs' claim for violation of 42 U.S.C. § 1983 by the Defendants through a policy, practice or custom.

### CONCLUSION

Plaintiffs are entitled to offer evidence in support of each of their claims. As such, Defendants Motion to Dismiss (Doc. 5) will be denied.

An appropriate Order will follow.

| | |
|---|---|
| February 2, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEN BROWN, *a minor in his own right and by and through his parents and natural guardians, Dolores Brown and David Brown*, DOLORES BROWN, and DAVID BROWN, <br><br>  Plaintiffs, <br><br> v. <br><br> JOHN FARRELL, WILKES-BARRE VOCATION TECHNICAL SCHOOL, and WILKES-BARRE AREA SCHOOL DISTRICT, <br><br>  Defendants. | CIVIL ACTION NO. 3:05-CV-0421 <br><br> (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this ___2nd___ day of February, 2006, **IT IS HEREBY ORDERED** that:

Defendants' Motion to Dismiss (Doc. 5) is **DENIED**.


                                                         /s/ A. Richard Caputo
                                                   A. Richard Caputo
                                                   United States District Judge